IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 13-MJ-01017-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ILDEFONSO PAZ-CASTILLO,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on February 8, 2013. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the Defendant's proffer. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether

the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Complaint with Conspiracy to Possess with Intent to Distribute More Than 100 Grams of a Substance and Mixture Containing a Detectable Amount of Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

Second, I find that probable cause exists that the defendant committed the charged offenses based upon defendant's waiver of preliminary hearing.

Third, I find that the nature of the instant offenses alleges Conspiracy to Possess with Intent to Distribute More Than 100 Grams of a Substance and Mixture Containing a Detectable Amount of Heroin. The Defendant is in the United States illegally. There is an ICE detainer against the Defendant. Defendant was born in Mexico and is a citizen of the Republic of Mexico. Defendant has suffered four misdemeanor and/or traffic convictions including a conviction for DWAI. Defendant has a pending felony case for possession of a forged instrument in Garfield County District Court, case no. 12-cr-370. The arraignment for the Garfield County case is February 26, 2013. Defendant does not appear to have any financial or family ties to the District of Colorado. Defendant's employment status and his time in the community are unknown. Defendant is not contesting detention.

Fourth, I find that the rebuttable presumption of detention applies in this case based upon the criminal offense against Defendant as outlined in count one in the Complaint. Defendant has failed to rebut the rebuttal presumption. Defendant is a flight

risk.

Based upon these facts, this court finds, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order Defendant detained without bond.

Done this 8th day of February 2013.

BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe
U.S. Magistrate Judge